IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MENSHACK NYEPAH,<br><br>  Petitioner,<br><br>          v.<br><br>TREVONZA BOBBITT,<br><br>  Respondent. | Civil Action No.<br>1:20-cv-03206-SDG |

**OPINION AND ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation (the R&R) entered by United States Magistrate Judge Catherine M. Salinas [ECF 25], which recommends that Petitioner Menshack Nyepah's 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied. Nyepah filed objections to the R&R [ECF 28]. After careful consideration of the record, Nyepah's objections are **OVERRULED** and Judge Salinas's R&R is **ADOPTED** in its entirety.

**I.   BACKGROUND**

A thorough recitation of the facts and procedural history are contained within Judge Salinas's R&R.[1] In sum, Nyepah is an inmate at Smith State Prison

---

[1]   ECF 25, at 1–5.

in Glennville, Georgia.[2] Nyepah and two co-defendants were indicted on two counts of armed robbery, twenty counts of aggravated assault, twenty counts of false imprisonment, and three counts of possessing a firearm during the commission of a crime, related to an armed robbery of a financial institution, Georgia's Own Credit Union, in Rockdale County, Georgia.[3] On January 23, 2013, while represented by counsel, Nyepah entered a non-negotiated guilty plea to all but the firearm counts.[4] The trial court accepted Nyepah's guilty plea and later imposed a fifty-year sentence, with twenty-five years to be served in confinement and the remainder on probation.[5]

Before directly appealing his sentence and conviction, Nyepah filed a state habeas corpus petition in October 2014.[6] In 2015, Nyepah successfully petitioned the trial court for an out-of-time direct appeal.[7] In January 2017, the Georgia Court of Appeals affirmed his conviction and sentence.[8] In June 2017, the trial court held

---

[2] ECF 1.

[3] ECF 25, at 1–2.

[4] *Id*. at 2.

[5] *Id*.

[6] ECF 13-4.

[7] ECF 13-2, at 1–2.

[8] *Id.*

an evidentiary hearing on the state habeas petition.⁹ In August 2019, the trial court denied the state habeas petition. ¹⁰ In September 2019, Nyepah appealed the state habeas denial to the Georgia Supreme Court.¹¹ In May 2020, the Georgia Supreme Court found Nyepah failed to comply with O.C.G.A. § 9-14-52(b) (providing 30 days to file a notice of appeal with the trial court in addition to an application for a certificate of probable cause with the Georgia Supreme Court) and dismissed the case.¹² In July 2020, Nyepah filed this case for federal habeas corpus relief.¹³

In this habeas petition, Nyepah raises fourteen grounds for federal relief.¹⁴ Judge Salinas found that Grounds One and Three had sufficient state habeas analogs,¹⁵ but were procedurally defaulted because Nyepah failed to fully exhaust the claims before the Georgia Supreme Court.¹⁶ On the remaining grounds, which "asserted various claims of trial error and ineffective assistance by plea counsel,"¹⁷

---

9   ECF 13-4, at 171–85.

10  *Id.*

11  *Id.* at 1, 204–05; ECF 13-6.

12  ECF 13-7.

13  ECF 1.

14  *Id.*

15  ECF 25, at 10.

16  *Id.* at 13–14.

17  ECF 25, at 23.

Judge Salinas found that none had state analogs and are likewise procedurally defaulted.[18]

Nyepah's original fourteen claims, as well as his objections to the R&R, center around the disparity between his sentence and those of his co-defendants.[19] Nyepah received a fifty-year-serve-twenty-five year sentence while his two co-defendants received thirty-year sentences, one to serve ten years and the other to serve seventeen years.[20] Nyepah asserts that he pled guilty with the expectation of receiving the same thirty-year-serve-ten year sentence offered to co-defendant Sean Foster.[21]

## II.   LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of

---

[18] *Id.* at 24–25.

[19] ECF 1; ECF 28.

[20] ECF 13-2, at 2.

[21] *Id.*

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider, or decline to consider, an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III. DISCUSSION

Nyepah objects to Judge Salinas's R&R in its entirety but raises no novel arguments.[22] The Court agrees with the R&R's findings that Grounds One and Three are procedurally defaulted because, although Nyepah raised similar claims

---

22   ECF 28.

in his state habeas corpus petition, he did not properly present them to the Georgia Supreme Court. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir 2004) (claims are procedurally barred when the petitioner fails to exhaust state remedies by petitioning the Georgia Supreme Court for a certificate of probable cause).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Even if the Court were to find that Nyepah showed cause for his default, he has failed to show prejudice. Nyepah "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Nyepah failed to show prejudice for Ground One because the record is clear that Nyepah voluntarily, and in the presence of counsel, entered into a non-negotiated plea.[23] Nyepah argues that his guilty plea was unknowing and

---

[23] ECF 13-5, at 100.

involuntary for two reasons: first, because under Georgia Uniform Superior Court Rule 33.10 the trial court erred in imposing his sentence without informing him that he could withdraw a negotiated plea and, second, because he received a harsher sentence than his co-defendants.[24]

As to the Rule 33 argument, Nyepah is correct that under Georgia law a rejection of a negotiated plea must be accompanied with informing the defendant of his right to withdraw the plea. *James v. State*, 326 Ga. App. 231, 231 (2014). However, Rule 33 is inapplicable because the record shows that the trial court did not reject a negotiated plea. *Id.* (Rule 33 only applies where the defendant enters a negotiated plea). Rather, the record shows that the state informed the court it was recommending a non-negotiated fifty-year-serve-twenty-five year sentence.[25] Notably, this occurred *before* Nyepah fully agreed with the facts presented against him by the prosecution.[26]

As to the argument that Nyepah received a harsher sentence than his codefendants, Nyepah has failed to demonstrate prejudice because the Supreme Court has not recognized a federal constitutional right to a sentence that is

---

[24] ECF 1-3, at 1–2.

[25] ECF 13-5, at 108, 116.

[26] *Id.*

proportionate to that of a co-defendant. *See Pulley v. Harris*, 465 U.S. 37, 42, 43-44 (1984) (rejecting the argument that the Constitution demands a comparative proportionality review that "purports to inquire . . . whether the penalty is . . . unacceptable in a particular case because [it is] disproportionate to the punishment imposed on others convicted of the same crime"); *Bush v. Singletary*, 99 F.3d 373, 375 (11th Cir. 1996) ("Proportionality review of the kind at issue [petitioner complaining that his sentence was disproportionate to his co-defendant's sentence] is not required by the federal constitution."). Even if the Court were to entertain the proportionality argument, the fact that Nyepah exhibited a greater degree of violence than his co-defendants would weigh in favor of finding his sentence reasonable. Indeed, the Georgia Court of Appeals held that a harsher sentence was reasonable given the greater degree of violence Nyepah exhibited.[27] And under 28 U.S.C. § 2254(d), this Court is bound to defer to the state court's decision absent a showing their factual findings and conclusions were unreasonable.

On Ground Three, Nyepah also failed to show prejudice. He argues that his guilty plea was induced by statements made by the trial court and were

---

27   ECF 13-2, at 3.

unknowing because of the ineffective assistance of his plea counsel, both in relation to his parole eligibility.[28] While the record does show the trial court made statements regarding potentially serving ten years, the Court notes both the non-committal language of the trial courts' statements and the fact that they were made *after* Nyepah had already entered into his guilty plea.[29] Thus, Nyepah did not and could not have relied on the trial court's statements in deciding whether to plead guilty. Similarly, there is no evidence that plea counsel advised Nyepah he would be eligible for parole after serving ten years before entering his guilty plea. Therefore, the state court acted within its discretion in denying Nyepah's motion to withdraw the guilty plea.[30]

Finally, the Court agrees with Judge Salinas's recommendation that Ground Two and Grounds Four through Fourteen be dismissed because, under 28 U.S.C. § 2254(b)(1), this Court may not grant habeas corpus relief with regard to any claim that has not been raised before the state courts. Nyepah's failure to raise the aforementioned grounds either on direct appeal or on his state habeas proceedings means they are procedurally defaulted. Granted, default can be overcome where

---

28   ECF 1-3, at 3–4.
29   ECF 13-4, at 181–82.
30   ECF 13-5, at 88–90.

both cause and prejudice can be shown. *See generally Wainwright v. Sykes*, 433 U.S. 72 (1997). However, here the facts underlying these grounds were reasonably available during the state proceedings. Therefore, Nyepah effectively waived his claims. *See Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (noting that petitioner waived grounds that he reasonably could have raised in an original or amended state habeas corpus petition but did not).

### IV.   CONCLUSION

Having reviewed the R&R *de novo* in light of Nyepah's objections, the Court **OVERRULES** Nyepah's objections [ECF 28] and **ADOPTS** the R&R [ECF 25] in its entirety as the Order of the Court. Nyepah's motions for status [ECF 29] and miscellaneous relief [ECF 30] are **DENIED AS MOOT**. The petition for a writ of habeas corpus is **DENIED** and the Clerk is **DIRECTED** to close this case.

The Court further agrees with Judge Salinas that Nyepah has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this 11th day of April, 2022.

Steven D. Grimberg
United States District Court Judge